UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONNA MUGNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-199 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

The plaintiff, Donna Mugno ("plaintiff"), brought suit against the defendant, Wal-Mart Stores, Inc. ("Wal-Mart" or "defendant"),[1] under Title VII, claiming gender discrimination. *See* 42 U.S.C. § 2000e-2(a)(1) (1994). Wal-Mart filed a Motion for Summary Judgment, [Doc. 16], and the plaintiff responded. The matter is ripe for decision.

I.  **FACTUAL BACKGROUND**

In viewing the facts in the light most favorable to the plaintiff, the following sets forth the background of this dispute:

The plaintiff began working for Wal-Mart as a customer service manager

---

[1]Wal-Mart stated in its Answer that the plaintiff misidentified the defendant in the caption of the Complaint, and the correct identification is Wal-Mart Stores East, L.P.

in September 2001 in Corral Springs, Florida. In 2005 she transferred to the Wal-Mart Supercenter Number 620 in Bristol, Tennessee as an overnight stocking associate. After some time, she transferred to daytime shift and eventually was promoted to cosmetics department manager, which is still considered an hourly position.

Wal-Mart's "Breaks, Meal Periods and Days of Rest" policy (the "Break Policy") provides hourly employees with one paid fifteen-minute break for every three hours worked, and it prohibits breaks taken in excess of fifteen minutes. Hourly employees who take longer than fifteen minute breaks have engaged in an "excessive break." In this situation, employees may be disciplined under Wal-Mart's "Coaching for Improvement" policy, which provides for a four-level discipline process. The Coaching for Improvement Policy also contains a description of "gross misconduct," which includes "[i]ntentional misuse of Company time (claiming pay for time not worked)." This policy further states that the Coaching for Improvement discipline levels "will not be used to address gross misconduct." These policies were explained to the plaintiff at the commencement of her employment and were available via Wal-Mart's intranet.

On September 14, 2005, the plaintiff received a "verbal coaching," the first-level disciplinary action set forth in the Coaching for Improvement policy, for

failing to count and report inventory in her department. According to the policy, this verbal coaching was to remain "active" for one year, and any other coachings received would typically be elevated to the next level.

In January 2006, Asset Protection Coordinator Clarissa Arnold investigated the plaintiff and three other hourly associates for taking excessive breaks after two assistant managers complained. Ms. Arnold reviewed the store's surveillance video and the four employees' Timeclock Archive Reports on the reported dates. Ms. Arnold concluded that the associates, including the plaintiff, had violated the break policy on six different days.

Ms. Arnold reported her findings to Market Asset Protection Manager Cindy Adams. Ms. Adams reviewed all information, determined that the plaintiff violated the break policy, and decided to terminate her employment for gross misconduct. The plaintiff admitted to violating the Break Policy on one occasion, although she never specifically denied violating the Break Policy on the five other occasions, and she denied that the one-admitted violation was gross misconduct. The plaintiff also admitted that sometimes she did not take breaks at all, although Wal-Mart's Break Policy required her to do so.

The plaintiff claims that she was terminated because of her gender. She stated that another hourly associate, James Wickersham, violated the Break Policy by

3

taking an excessive break on one occasion and only received a verbal coaching instead of termination. The plaintiff admitted that Mr. Wickersham was a stocking associate with no supervisory duties, not a department manager like herself. Further, plaintiff referred to three other hourly male associates who received various verbal coachings. The record of these coachings, which were attached to plaintiff's "Response to Defendant's Statement of Undisputed Material Facts," showed that Anthony Glasper violated the Break Policy by taking an excessive break on one occasion. The other employees', Paul Williams and Kevin Hubbard, verbal coaching records showed that they were disciplined for "Job Performance" and "Productivity" although, in all fairness, it could be inferred from their coachings records that their use of company time was in question albeit neither record mentioned a violation of the Break Policy. None of these employees were disciplined by Ms. Adams.

II. **STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. **DISCUSSION**

Title VII makes unlawful an employer's decision "to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The plaintiff's Complaint alleges that Wal-Mart unlawfully discharged her based on gender discrimination. The defendant seeks dismissal of the plaintiff's claim on the basis that (1) the plaintiff cannot establish a *prima facie* case of gender discrimination, and (2) even if the plaintiff could establish a *prima facie* case, the plaintiff cannot establish that Wal-Mart's reason for terminating her employment is pretext for unlawful discrimination.

6

A. *PRIMA FACIE* **CASE**

The plaintiff bears the burden of establishing a *prima facie* case of employment discrimination under the Civil Rights Act. She can meet this burden by proving that (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by someone outside of her protected class or that other similarly situated employees outside of her protected class were treated better. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973)).

In this case, Wal-Mart assumes "for the sake of argument" that the first three elements are met; however, Wal-Mart argues that the plaintiff cannot show that other similarly situated male employees were treated better.[2] In order to meet her burden regarding this element, the plaintiff must show that she was "similarly situated" to her comparator "in all relevant aspects," and that their employment circumstances were "nearly identical." *See Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998); *Mitchell*, 964 F.2d at 583. Factors that this Court considers in making this

---

[2]The plaintiff was replaced by a female associate; thus, she was replaced by someone in her class.

determination are set forth in *Mitchell v. Toledo Hospital* and include whether the plaintiff and comparator: (1) dealt with the same supervisor; (2) had been subject to the same standards; and (3) had engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. 964 F.2d at 583. However, as the plaintiff argues, the requirement of dealing with the same supervisor "does not automatically apply in every employment discrimination case. Whether that criterion is relevant depends upon the facts and circumstances of each individual case." *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005).

The plaintiff claims that she and Mr. Wickersham are similarly situated because they were hourly associates trained in and subject to Wal-Mart's Break Policy. She further argues that although she and Mr. Wickersham did not have the same immediate supervisor, they were similarly situated because Todd Nunnally, the co-manager of store number 620, "was part of the decision making in both the Mugno termination and in James Wickersham's verbal coaching."

First, the undisputed facts show that the plaintiff was a manager with supervisory duties. Mr. Wickersham, although an hourly employee like the plaintiff,

8

had no supervisory duties, a significant difference in their employment roles.[3] Second, as stated above, the factor of having the same supervisor does not necessarily apply in every case. In some cases, it would be more appropriate to consider whether the plaintiff and the comparator had the same ultimate decision-maker. The plaintiff claims that this person was Todd Nunnally. However, the record reflects that Ms. Adams, despite Mr. Nunnally's presence at the time of the termination, made the ultimate decision to discharge the plaintiff.[4] *See Smith v. Leggett Wire Co.*, 220 F.3d 752, 762-63 (6th Cir. 2000) (holding that a plaintiff and a comparator were not similarly situated where they were disciplined by different ultimate decision-makers). Further, Mr. Wickersham's verbal coaching record reflects that the coaching was "finalized" by Todd Nunnally and Harvey Greear. It is unclear who made the actual decision to issue the coaching.

Finally, regardless if the plaintiff and Mr. Wickersham had the same ultimate decision-maker, the plaintiff failed to establish a *prima facie* case because she

---

[3]The plaintiff's only argument that she was similarly situated to Mr. Williams, Mr. Hubbard, and Mr. Glasper is that they were also hourly employees. She never argues that they are also department managers like herself. It is also worth noting that she does not argue that she and these three men had the same ultimate decision-maker, Todd Nunnally, in common.

[4]In reference to paragraph 10 of the defendant's statement of undisputed facts, the plaintiff only denied the portion which stated that the plaintiff's violation of the Break Policy was gross misconduct. The plaintiff did not deny that the decision to discharge her was made by Ms. Adams. In her deposition, she stated that the decision to terminate her came from "loss prevention," which was the department where Ms. Adams worked. She then stated that she was unaware of who made the decision.

failed to show that Mr. Wickersham, Mr. Williams, Mr. Hubbard, and/or Mr. Glasper "had engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583. The undisputed facts show that Mr. Wickersham and Mr. Glasper violated the Break Policy on one occasion, not a total of six times like the plaintiff. This is clearly not the same conduct. Furthermore, Mr. Williams and Mr. Hubbard[5] received verbal coachings for "Job Performance" and "Productivity." Even viewing these records in the most favorable light possible to the plaintiff, this Court cannot find that the conduct of Mr. Hubbard and Mr. Williams is as severe as the plaintiff's conduct. As such, the plaintiff has failed to establish a *prima facie* case of gender discrimination under Title VII. *See Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002) (holding that in order for the conduct of a comparator to be the "same conduct," it must be similar in kind and severity); *Braithwaite v. Timken Co.*, 258 F.3d 488, 497 (6th Cir. 2001) (stating that plaintiff and comparator were not similarly situated because plaintiff's conduct was a more serious violation). Accordingly, it is hereby **ORDERED** that Wal-Mart's Motion for

---

[5]In the plaintiff's "Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment," she generally claims that Mr. Hubbard "had multiple violations of stealing time." She offers no evidence to back up this claim other than the verbal coaching record. That record demonstrates poor performance and productivity, not excessive breaks.

10

Summary Judgment, [Doc. 16], is **GRANTED**, and the plaintiff's Complaint is hereby **DISMISSED**.

B.  **PRETEXT OF REASONS FOR TERMINATION**

Because this Court found that the plaintiff failed to establish a *prima facie* case for her Title VII gender discrimination claim, Wal-Mart's second basis for seeking summary judgment need not be discussed. However, this Court will address that issue on the merits. Assuming *arguendo* that the plaintiff employee established a *prima facie* case, the burden shifts to the defendant employer to set forth "some legitimate non-discriminatory reason for the employee's discharge." *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1329 (6th Cir. 1994); *see also Phelps v. Yale Security, Inc.*, 986 F.2d 1020, 1024 (6th Cir. 1993). Wal-Mart has set forth a legitimate non-discriminatory reason for its termination of the plaintiff, that is, that the plaintiff was discharged for violating its Break Policy by engaging in multiple acts of time theft.

Accordingly, the burden shifts back to the plaintiff to prove that the legitimate reason proffered by the defendant was merely a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). In order to make out a case for pretext, the plaintiff employee must show:

> Either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chemicals Co.*, 29 F. 3d 1078, 1084 (6th Cir. 1994) (quoting *McNabola v Chicago Transit Authority*, 10 F. 3d 501, 513 (7th Cir. 1993)).

The plaintiff has failed to set forth material proof that the defendant's legitimate non-discriminatory reason is pretextual. Wal-Mart based the discharge on the surveillance videotape evidence and the plaintiff's Timeclock Archive Reports, and the plaintiff admitted to taking excessive breaks. The plaintiff even admitted to further violating the Break Policy when she admitted that there were times when she failed to take the mandatory fifteen-minute break for every three hours worked. Again, the other hourly male employees were not similarly situated to the plaintiff, and she has offered no evidence that her discharge was motivated by anything other than her stealing time, which amounted to gross misconduct under Wal-Mart's "Coaching for Improvement" policy and which caused her to be subject to immediate termination instead of the four-level coaching steps. Absent some other direct or circumstantial evidence suggesting that the defendant's non-discriminatory reason is pretextual, the plaintiff has failed to overcome summary judgment. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 438 (6th Cir. 2002).

## IV. **CONCLUSION**

Because the plaintiff has failed to establish a *prima facie* case of gender discrimination under Title VII, it is hereby **ORDERED** that Wal-Mart's Motion for Summary Judgment, [Doc. 16], is **GRANTED**, and the plaintiff's Complaint is hereby **DISMISSED**.

A separate judgment shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

13